# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS FELIZ FORD, INC. dba STAR CHRYSLER JEEP,<br><br>Plaintiff,<br><br>vs.<br><br>CHRYSLER GROUP, LLC,<br><br>Defendant. | CASE NO. CV 10-6077 GAF (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on May 24, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been

substantively modified by the Court's amendment of Paragraph 8 and addition of Paragraph 14.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential-Subject to Protective Order," "For Attorney Eyes Only," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential-Subject to Protective Order," "For Attorney Eyes Only," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential-Subject to Protective Order," "For Attorney Eyes Only," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again,**

Protective Order

**competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE GARY A. FEESS, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND THE TREATMENT OF CONFIDENTIAL INFORMATION.**

## **TERMS OF PROTECTIVE ORDER**

1. Documents to be produced by any party to this action or third persons during discovery in this matter which contain confidential or proprietary information, including but not limited to documents which contain information about or are applicable to non-party entities or individuals (such as Letters of Intent, Letters of Understanding, dealer applications, Sales and Service Agreements, and statements, lists, or reports containing financial or operational

data of non-party dealers or individuals), or the business policies and procedures of **Chrysler Group LLC ("CG")** (such as market representation/dealer network policies) and **Los Feliz Ford, Inc. dba Star Chrysler Jeep ("Star")** (such as internal dealership documents and policies) and all information derived from such documents, including, but not limited to, extracts, memoranda, notes, e-mails, and correspondence quoting from or summarizing such information, shall hereafter be referred to as "Protected Documents." When used in this Protective Order, the word "documents" is used in its broadest sense and means all written and computerized materials, videotapes, and all other tangible items and items in magnetic or electronic form. Except as otherwise indicated below, documents designated by the producing party as either or both "Confidential-Subject to Protective Order," or similar phrase, or "For Attorney Eyes Only" that are produced in this action shall be Protected Documents and given confidential treatment as described below.

2. Both the Protected Documents and the information contained therein shall be treated as confidential and shall be used solely for the purpose of prosecuting or defending this action. Except upon the prior written consent of the producing party and the party which is the subject of the information, or upon further order of the Court, the Protected Documents or information contained therein which are designated as "For Attorney Eyes Only" may be shown, disseminated, discussed, or disclosed only to the following persons:

(a) Counsel of record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or trial of this action;

(b) Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

(c) Outside experts and consultants retained by any party in good faith for the preparation or trial of this action, provided that no disclosure shall be made to any expert or consultant who is employed by a direct competitor of CG or its subsidiaries or successors;

4

Protective Order

       (d) Current or former employees or agents of the party or person who produced the Protected Document;

       (e) Non-party deponents who are current or former employees or agents of the party or entity about whom the information or portion of the information in the Protected Document relates;

       (f) Stenographic reporters engaged for depositions or proceedings necessary to this action;

       (g) Employees of outside copy services used to make copies of protected documents; and

       (h) The Court and its **personnel**.

3. Except upon the prior written consent of the producing party and the party which is the subject of the information, or upon further order of the Court, the Protected Documents or information contained therein which are designated "Confidential—Subject to Protective Order," or similar phrase, and which are not also designated as "For Attorney Eyes Only," may be shown, disseminated, discussed, or disclosed only to the persons identified in subparagraphs (a) through (h) of paragraph 2 above and to the parties to this action.

4. Before receiving access to any of the Protected Documents or the information contained therein, each person described in Paragraph 2(c) and 2(f) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be bound by its terms and to be subject to the jurisdiction of this Court, by either signing a copy of this Protective Order or a declaration in the form attached as Exhibit A or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit A.

5. Nothing in this Protective Order shall relieve any former employee of any producing party or third person of any previously existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

6. Prior to designating any material as "Confidential-Subject to Protective Order" or "For Attorney Eyes Only," the producing party will make a bona fide determination that the **document, information, or thing** is, in fact, subject to the Protective Order. If a receiving party disagrees with the designation of any document, **information, or thing,** it will so notify the producing party in writing and, if the parties cannot resolve the issue within ten (10) days of the producing party's receipt of the notice, the objecting party will have the option to apply to the Court to set a hearing for the purpose of establishing that the document, **information, or thing** is not confidential. The party designating a document**, information, or thing** as "Confidential-Subject to Protective Order" or "For Attorney Eyes Only" has the burden of proving that **the designated document, information, or thing** contains such designated confidential information. The objecting party will treat any document**, information, or thing designated as** "Confidential-Subject to Protective Order" or "For Attorney Eyes Only" until the Court enters a contrary ruling on the matter.

7. Within sixty (60) days after final termination of this action, counsel shall return to the producing party the Protected Documents and all copies of those documents in the possession of counsel, his or her clients, and counsel's clients' consulting and testifying experts. Counsel shall certify in writing that all such documents and copies thereof have been returned to the producing party and each expert who received copies of such documents shall also certify that he or she has destroyed all notes, memoranda, or other documents created by that expert from or containing information contained in the Protected Documents.

8. To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Protective Order. With respect to any deposition, **any** party may, on the record or within ten (10) business days after

receipt of the transcript, designate potions of the transcript relating to the information specified in paragraph 1 above as Protected Documents as "Confidential-Subject to Protective Order" and/or "For Attorney Eyes Only" under this Protective Order. During the first ten (10) business days following receipt of a transcript in which a request for confidential treatment was made on the record, the entire transcript shall be treated as "For Attorney Eyes Only."

9. Counsel for the parties will maintain a list of all persons to whom any Protected Document or information or thing contained therein is provided along with the signed Protective Order or declaration. The list and signed Protective Order or declaration shall be available for inspection by the Court and, at the conclusion of this action, by the producing party.

10. All parties reserve the right to apply to the Court for an order modifying or amending the terms of this Protective Order, either upon consent of all other parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

11. After the termination of these matters, the provisions of this Protective Order shall continue to be binding.

12. The parties agree that this Court shall have jurisdiction over the parties, their attorneys, and experts for enforcement of the provisions of the Protective Order following the termination of this litigation, and the parties, **by their stipulation to the entry of** this Protective Order, hereby consent to **this** Court's jurisdiction.

13. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over **whom or** which they have control.

14. **If any party includes any Protected Document or the information contained therein in any papers filed with the Court, that party shall file an application, in accordance with the requirements of Local Rule 79-5, and provide the requisite showing, based on competent evidence of "good cause" or "compelling reasons," for a Court order allowing such papers to be filed under seal pursuant to Federal Rule of Civil Procedure Rule 5.2(d).**

DATED: July 29, 2011

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

Protective Order

8

"**EXHIBIT A**"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS FELIZ FORD, INC. dba STAR CHRYSLER JEEP, | CASE NO. CV 10-6077 GAF (MANx) |
| Plaintiff, | |
| vs. | **DECLARATION** |
| CHRYSLER GROUP, LLC, | |
| Defendant. | |

1. I have read the Protective Order attached hereto, and I understand and will abide by its terms and meanings.

///
///
///
///
///
///

9

Protective Order

2. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Central District of California, and binds me to the provisions of the Protective Order.

I declare under penalty of perjury under the laws of the State of _____, that the foregoing is true and correct.

EXECUTED this \_\_\_\_\_ day of _____, 2011 at _____.

_____